UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA - INTERNATIONAL UNION, and UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA - LOCAL 289,**

    Plaintiffs,

v.

Case No.: 2:18-CV-12661
Honorable:

**CONSTELLIS GROUP, INC., and CENTERRA INTEGRATED SERVICES, LLC,**

    Defendants.

_____/

**MILLER COHEN P.L.C.**
Richard G. Mack (P58657)
Keith D. Flynn (P74192)
Attorneys for Plaintiffs
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226-0840
(313) 964-4454

_____/

## COMPLAINT TO COMPEL ARBITRATION

> There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

**NOW COME** Plaintiffs, United Government Security Officers of America - International Union ("International") and United Government Security Officers of America - Local 289 ("Local 289"), collectively referred to as "the Union," by and

through their attorneys, Miller Cohen, P.L.C., and for their Complaint to Compel Arbitration against Defendants Constellis Group, Inc. ("Constellis") and Centerra Integrated Services, LLC ("Centerra"), collectively referred to as "the Employer," Plaintiffs state as follows:

## INTRODUCTION

1. The Plaintiffs are seeking injunctive relief to compel the arbitration of a grievance, which has been filed by the Union. The parties have a grievance and arbitration procedure in their collective bargaining agreement which includes a panel of pre-selected arbitrators. The Union filed a grievance properly under the contract alleging that the Employer is in violation of the contract. The Employer has failed to arbitrate the grievance.

2. The Union alleges two counts below: Count 1 seeking to compel arbitration and Count 2 as an alternative count alleging a breach of contract. The Union contends that this cause of action does not require the traditional scheduling order that includes discovery. Instead, the Union intends to file a motion for partial summary disposition requesting an injunction that the grievances be arbitrated. If summary disposition is granted, the issue can be litigated before the arbitrator without a need to pursue the alternative breach of contract count. In the event summary disposition is not granted, the Union would rely upon its alternative claim of a breach of contract wherein discovery may be necessary.

3. The Employer has no justification for declining to arbitrate the subject dispute and its refusal to arbitrate has forced the Union to file this lawsuit to enforce its clear right to arbitrate under the CBA. Therefore, damages are owed to the Union to remedy this breach of the CBA by the Employer in the form of reimbursement to the Union for all attorneys' fees and costs incurred in prosecuting this complaint.

## **PARTIES**

4. Plaintiff, International, is a labor organization that represents employees in the governmental security services industry through the United States, all such employees falling within the definition of "guards" in Section 9(b)(3) of the National Labor Relations Act, 29 U.S.C. § 159(b)(3), including employees described *infra* represented by Local 289 in the District. The International is a "labor organization" within the meaning of 29 U.S.C. §185 and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §141 *et seq.*

5. Plaintiff, Local 289, is a labor organization affiliated with the International, and represents "guards" within the meaning of Section 9(b)(3) of the National Labor Relations Act, 29 U.S.C. § 159(b)(3), specifically all full-time and regular part-time security guards employed by the Employer in and around the City of Detroit, Michigan, under the Employer's contract with the U.S. Department of

Homeland Security, Contract No. HSHQE5-13-D-00001. Local 289 is a "labor organization" within the meaning of 29 U.S.C. §185 and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §141 *et seq.*

6. Defendant, Centerra, is a Florida limited liability company doing business in the Eastern District of Michigan. Its principal office is located at 7121 Fairway Drive, Suite 301, Palm Beach Gardens, FL 33418. Centerra is an "employer" within the meaning of 29 U.S.C. §185.

7. Defendant, Constellis, is a Virginia corporation and the parent of Centerra, and is doing business in the Eastern District of Michigan. Its principle office is at 12018 Sunrise Valley Drive, Suite 140, Reston, VA 20191. Constellis is an "employer" within the meaning of 29 U.S.C. §185.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and Section 301 of the LMRA, 29 U.S.C. § 185.

9. Venue is proper pursuant to 28 U.S.C. § 139(b) because the events giving rise to this action are substantially connected to the Eastern District of Michigan.

## FACTS

10. The Employer and the Union are parties to a CBA setting forth terms and conditions of employment for the bargaining unit represented by Local 289,

described *supra* at ¶6, with a duration of November 25, 2014 through December 31, 2017, hereinafter the "2014-17 CBA." (***Exhibit 1***)

11. The Employer became a party to the 2014-17 CBA after the CBA was originally signed. G4S Government Solutions, Inc. ("G4S") is the employer that originally entered into the agreement, but all "successors, subcontractors or assigns" of G4S are bound by the agreement, as well. (***Exhibit 1***, at pg. 1) Following the sale of G4S to a private equity firm on or about November 2014, Centerra was established as the successor to G4S. At all times since Centerra has acted as a party to the 2014-17 CBA. On or about April 2017, Constellis acquired Centerra.

12. Article 10 "Grievance Procedure" of the 2014-17 CBA provides for the process to resolve "grievances" culminating in final and binding arbitration. (***Exhibit 1***, at pgs. 8-10) A "grievance" is defined in the CBA to "mean a claimed violation, misinterpretation or misapplication of any provision of this Agreement or the challenge of any disciplinary action taken against a non-probationary employee . . . ." (Id.)

13. Article 9, Section 2 of the 2014-17 CBA entitled "Discipline" states that "[n]o employee who has completed the probationary period shall be disciplined without just cause unless removed from working under the contract by the Client, or if the employee's credentials are denied or withdrawn by the client."

Such protection from unjust discipline or discharge is afforded by other provisions of the 2014-17 CBA as well. (*Exhibit 1*, at pg. 7)

14. On or about August 25, 2018, the Employer issued a document memorializing the discharge of a non-probationary member of the bargaining unit covered by the 2014-17 CBA. (*Exhibit 2*)(redacted to remove the name of the employee)

15. The Union filed a timely grievance, numbered 2016-09-03, processed the grievance pursuant to the terms of the parties' Grievance Procedure in a timely fashion, and then submitted the matter to arbitration in accordance with Section 3(d) of the 2014-17 CBA. (*Exhibit 3*) (redacted to remove the name of the employee)  Centerra Senior Vice President, Operations Jean F. Burleson and Centerra Director, Labor Relations Michael Goodwin both issued confirmation of receipt of the submission. (*Exhibit 4*)(redacted to remove the name of the employee)

16. The Employer has refused to permit the arbitration of the grievance, despite the fact that the grievance has properly processed through all steps of the contractual grievance procedure.

17. Thus, Plaintiff is forced to seek relief from this Honorable Court.

## COUNT I
### (Claim to Compel Arbitration)

18. The Union incorporates the previous allegations, as if more fully

6

stated herein.

19. Section 301(a) of the LMRA, 29 U.S.C. § 185(a), grants this Court jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting interstate commerce.

20. By its breach of the agreement to arbitrate contained in the 2014–17 CBA, the Employer has denied the Union of its ability to resolve the dispute regarding the termination of the subject employee on August 25, 2016 through arbitration as set forth in the 2014-17 CBA.

21. To rectify the Employer's improper refusal to arbitrate, the Court should issue an order for specific performance of the 2014-17 CBA's Grievance Procedure and compel the Employer to either participate in the selection of an arbitrator through the FMCS process as called for in the CBA, or expressly advise FMCS that the Employer is waiving its right to select the arbitrator, that FMCS may proceed in the absence of the Employer's participation, and that the arbitration hearing shall be convened with or without the Employer's participation.

## COUNT II
**(Money Damages For Breach of Agreement to Arbitrate)**

22. The Union incorporates the prior allegations as if more fully stated herein.

23. By its refusal to arbitrate, the Employer has breached the 2014-17 CBA.

24. The Employer's breach of the 2014-17 CBA has forced the Union to enforce its right to arbitrate the parties' dispute about whether there was "just cause" to discharge the subject employee from employment on August 25, 2016 by—incurring needless expense of prosecuting this lawsuit for an order to compel arbitration in the form of attorneys' fees and costs that the Union would not have incurred but for the Employer's breach of the 2014-17 CBA's agreement to arbitrate.

25. The Employer's refusal to arbitrate is without justification and baseless and therefore it has no protection for its refusal to arbitrate and damages must be imposed so that the Union is made whole for all losses suffered due to the Employer's breach of the 2014-17 CBA.

**WHEREFORE**, the International and Local 289 respectfully request that the Court issue:

A. AN ORDER, compelling specific performance of the Employer to either participate in the selection of an arbitrator through the FMCS process, or if the Employer does not wish to participate in selection that the Employer expressly in writing advise FMCS that the Employer is waiving its right to select the arbitrator and that FMCS shall proceed to select an arbitrator in the absence of the Employer's participation, and that Employer shall further advise the FMCS that the arbitration hearing shall be convened with or without the Employer's participation.

B.  AN ORDER, as an alternate remedy that the Employer is in violation of the Union contract and shall make whole all Union members affected.

C.  AN ORDER for the Employer's breach of the agreement to arbitrate in the 2014-17 CBA, the Employer shall pay the Union all attorneys' fees and costs incurred in this action, following the Lodestar standards, with the parties to submit any dispute about amounts owing for attorneys' fees and costs that they cannot resolve without court involvement to the Court within 90-days of this Order and the Court thereafter to resolve any such disputes in accordance with the Lodestar procedure.

                                      Respectfully submitted,

                                      **MILLER COHEN P.L.C.**

                                      By: /s/ Richard G. Mack, Jr.
                                      Richard G. Mack, Jr. (P58657)
                                      Keith D. Flynn (P74192)
                                      Attorneys for Plaintiffs
                                      600 W. Lafayette Blvd., 4th Floor
                                      Detroit, MI 48226
                                      (313)964-4454
                                      richardmack@millercohen.com
Dated:  August 24, 2018           kflynn@millercohen.com